IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| v. | §   Criminal No. **3:12-CR-427-L(01)** |
| | § |
| **SYLVESPA ADAMS** | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's [Second] Motion to Reconsider[] Denial of Motion to Reopen Amended Petition Asserting Legal Interest in Property (Doc. 820), filed April 28, 2015. After considering the motion, record, and applicable law, the court **denies** Petitioner's [Second] Motion to Reconsider[] Denial of Motion to Reopen Amended Petition Asserting Legal Interest in Property (Doc. 820).

Ms. Adams, who is now represented by counsel, requests the court to reconsider, pursuant to Federal Rule of Civil Procedure 60(b)(1), its denial of her amended petition in which she contested the forfeiture of property located at 204 Red Wing, Dallas, Texas, pursuant to 21 U.S.C. § 853(n). In her current and prior motions for reconsideration, Ms. Adams contends that her failure *twice* to file petitions under penalty of perjury as required by statute and the court's order was excusable neglect or mistake because she was proceeding pro se and did not understand the forfeiture statute or the court's instructions. Petitioner maintains that she contacted and spoke with an unidentified person in the clerk's office and from this discussion believed mistakenly that she only needed to file a typed version of her original petition that was signed by her.* Additionally, she

---

* In ruling on her first motion for reconsideration, the court did not consider Ms. Adams' reply brief in which she asserted that she had contacted someone in the clerk's office. Ms. Adams contends that the court erred in not considering her reply brief. Ms. Adams is correct that the Federal Rules of Civil Procedure and related local rules rather than the criminal rules apply to her forfeiture proceeding, and that the court therefore should have considered her reply brief. The court has *now considered* Ms. Adams' reply brief and assertion that she contacted the clerk's office, however,

asserts for the first time that she also contacted the United States Attorney's Office and was similarly informed that all she needed to do was to file a typed, signed petition. Ms. Adams therefore contends through her retained attorney that her own limitations as a pro se litigant and ignorance of the law constitute mistake or excusable neglect under Rule 60(b)(1) and entitle her to a third bite at the apple. The court disagrees.

Rule 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As the movant seeking relief under Rule 60(b)(1), Ms. Adams has the burden of establishing mistake or excusable neglect regardless of whether she is proceeding pro se. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (concluding that a pro se "litigant acquiesces in and subjects [herself] to the established rules of practice and procedure. The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se."). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. United States Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and a district abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "Even pro

---

this does not change its determination that she is not entitled to relief under Rule 60(b)(1), as her pro se status and ignorance of the law are insufficient to establish mistake, inadvertence, or excusable neglect.

**Memorandum Opinion and Order – Page 2**

se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010).

It is undisputed here that Ms. Adams was not represented by counsel when she filed her initial and amended petitions, but "[t]he right of self-representation does not exempt [her] from compliance with relevant rules of procedural and substantive law" or the court's orders. *Vafaiyan*, 398 F. App'x at 990; *Birl*, 660 F.2d at 593. In other words, Ms. Adams's decision to proceed pro se in the civil forfeiture action despite her limited knowledge of the law does not entitle her to any greater rights than a party represented by counsel. *Birl*, 660 F.2d at 593. Further, as explained in the court's order denying Ms. Adams' first motion for reconsideration, "[t]he burden of establishing excusable neglect is upon [the movant], even one proceeding pro se. . . . the excusable neglect standard is a strict one . . . requiring more than mere ignorance." *Birl*, 660 F.2d at 593. Accordingly, the court concludes that Ms. Adams's former status as a pro se litigant and her ignorance of the law are insufficient to entitle her to the relief requested, and she has failed to meet her burden under Rule 60(b)(1). *See, e.g., Sanders v. Department of Health and Human Servs.*, 508 F. App'x 311, 312 (5th Cir.), *cert. denied*, 134 S. Ct. 388 (2013) (affirming denial of Rule 60(b)(1) motion in which "Sanders argued, in essence, that her former status as a pro se litigant resulted in errors that entitle her to relief."). The court therefore **denies** Petitioner's [Second] Motion to Reconsider[] Denial of Motion to Reopen Amended Petition Asserting Legal Interest in Property (Doc. 820) and will not entertain any further motions regarding this matter.

**It is so ordered** this 3rd day of June, 2015.

                                                Sam A. Lindsay
                                                United States District Judge